IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Criminal Action No. 5:13CR23-01
                                                 (STAMP)
MICHAEL T. McGEE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE
## DEFENDANT'S MOTION FOR RETURN OF PROPERTY

    The defendant, Michael T. McGee ("McGee"), was named in a two-count indictment charging him with, as to Count 1, conspiracy to possess with the intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 812(c), and, as to Count 2, possession with intent to distribute in violation of 21 U.S.C. § 812(c). After a three-day jury trial, the defendant was found guilty as to Count 1 and was acquitted of the charge in Count 2. The defendant has appealed his conviction to the United States Court of Appeals for the Fourth Circuit. That appeal is pending.

    The defendant has now filed a motion for return of property. The defendant contends in his motion that $1,845.00 was taken from him when he was arrested in Jefferson County, Ohio. Further, the defendant asserts that no forfeiture was ordered after the defendant was found guilty in this Court. The defendant also indicates that he has contacted the Jefferson County Prosecutor's Office regarding the return of the property to no avail.

In response, the government argues that the motion should be brought in the United States District Court for the Southern District of Ohio as that is the proper venue given that the property is located in Jefferson County, Ohio. Further, the government contends that although this case is on appeal with the Fourth Circuit, this Court may deny the motion as it is easily capable of resolution.

In reply, the defendant asserts that the Jefferson County Prosecutor's Office directed the defendant to seek relief from the federal government. Further, the defendant argues that he is entitled to return of the property and that neither the federal government nor Jefferson County will take responsibility for such return.

Based on the analysis that follows, this Court finds that the defendant's motion for return of property should be denied without prejudice.

"A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41. Further, the Fourth Circuit has held that a defendant may file a motion for return of property seized in connection with a criminal investigation in the district of the trial only if the criminal proceeding is pending. United States v. Ebert, 39 F. App'x 889, 890-92 (4th Cir. 2002) (citing United States v. Garcia, 65 F.3d 17

2

(4th Cir. 1995)). Further, a criminal proceeding does not constitute as a proceeding that is "pending" under Rule 41(g), even if the defendant is still awaiting a decision on direct appeal. Ebert, 39 F. App'x at 893.

Based on the precedent of the Fourth Circuit, which this Court must apply, the defendant's motion has been incorrectly filed in this district as this Court no longer has ancillary jurisdiction over such a motion. Because the property that the defendant asserts should be returned to him is located in the Southern District of Ohio, this Court may not rule on such a motion and thus, it must be denied. Finally, pursuant to Federal Rule of Criminal Procedure 37(a)(2), this Court may deny the motion at this time despite the pending appeal.

Accordingly, the defendant's motion for return of property is DENIED WITHOUT PREJUDICE to be filed in the United States District Court for the Southern District of Ohio.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: September 29, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE