IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MICHAEL T. MCGEE**,

        Petitioner,

v.

**UNITED STATES OF AMERICA,**

        Respondent.

**Civil No.:  5:16CV102**
**CRIMINAL NO.: 5:13CR23**
**(JUDGE STAMP)**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 27, 2016, Michael T. McGee ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 5:16CV102, ECF No. 1; Criminal Action No. 5:13CR23, ECF No. 146).[1] On June 29, 2016, this Court made a preliminary review of the motion and determined that summary dismissal was not warranted. Accordingly, an Order was entered directing Respondent to file an answer, motion or other responsive pleading. ECF No. 149. On July 12, 2015, Respondent filed its response [ECF No. 152], and on September 6, 2016, Petitioner filed his reply. ECF No. 157. The undersigned now issues this Report and Recommendation without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion with prejudice.

---

[1] From this point forward, all ECF entries are from 5:13-cr-23.

## II.    FACTS

### A. Conviction and Sentence

On January 10, 2014, following a jury trial, Petitioner was adjudged guilty of conspiracy to possess with intent to distribute, and to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(c). On April 9, 2014, Petitioner was sentenced to a term of 262 months imprisonment followed by six years of supervised release. Judgment, ECF No. 111. Petitioner was deemed to be a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines, due to three prior felony convictions. ECF No. 110 at 9. Specifically, Petitioner had previously been convicted of aggravated robbery and twice convicted of trafficking in drugs. Id.

### B. Appeal

Subsequent to his conviction, Petitioner appealed contending that the district court had erred in admitting 404(b) evidence over Petitioner's objection in three specific instances: (1) admitting controlled buys from different investigations; (2) admitting evidence of marijuana and heroin distributions; and (3) admitting evidence of armed robbery and domestic violence. United States v. McGee, 602 F. App'x 90 (4th Cir. 2015). Petitioner also appealed on the ground that the District Court violated his constitutional right to be present during the discussion and formulation of a response to a jury question. ECF No. 146 at 2. Lastly, Petitioner appealed the District Court's application of United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 and claimed the Court's application demonstrated reversible error. Id. On appeal, the Fourth Circuit Court of Appeals affirmed Petitioner's Conviction. ECF No. 130.

C. **Federal Habeas Corpus**

In his Motion to Vacate under 28 U.S.C. § 2255, Petitioner asserts several grounds in support of his motion. First, Petitioner asserts he was denied Due Process when he was arrested in Ohio, and was transported to West Virginia – without counsel or a hearing. ECF No. 146 at 4. Second, Petitioner asserts his trial counsel was per se ineffective in failing to object to venue issues that were not addressed during the trial judge's instructions on venue. Id. at 5  Third, Petitioner asserts counsel was ineffective by failing to investigate and move for suppression of cell phone records and certain testimony of Special Agent Barbour. Id. at 6. Fourth, Petitioner asserts that counsel was ineffective in failing to raise the issue of admitting prior drug convictions on appeal. Fifth, Petitioner asserts that the Career Offender Guidelines Residual Clause is unconstitutionally vague and his enhanced sentence is void. Id. at 13. Finally, Petitioner asserts that counsel was ineffective for failing to object that the Court violated the rule in Descamps v. United States [relating to the Career Offender guideline calculation]. Id. at 14.

### III.   ANALYSIS

A. **Analyzing Petitioner's claim that he was denied Due Process when he was arrested in Ohio and transported to West Virginia.**

Rule 5(c)(2)(B)(ii) of the Federal Rules of Criminal Procedure provides as follows: "If the defendant was arrested in a district other than where the offense was allegedly committed, the initial appearance must be…in an adjacent district if:…the offense was allegedly committed there and the initial appearance will occur on the day of arrest."

Petitioner was arrested on June 6, 2013, in Steubenville, Ohio and had his initial appearance later that day before Magistrate Judge Seibert in the Northern District of West Virginia. ECF No. 6.  The Government admits that Petitioner was transported and this transportation happened without counsel and a hearing. ECF No. 152.

Pursuant to the indictment, the offense was committed in the Northern District of West Virginia. However, Steubenville, Ohio is adjacent to the Northern District of West Virginia. ECF No. 1.  Therefore, Petitioner was properly transported to the Northern District of West Virginia on the day of his arrest for his initial appearance in accordance with Rule 5(c)(2)(B)(ii) of the Federal Rules of Criminal Procedure.  As such, the undersigned finds no merit in Petitioner's claim.

B. **Analyzing Petitioner's claims of ineffective assistance of counsel.**

For ineffective assistance of counsel claims, the United States Supreme Court has set forth a two-pronged test for courts to use when determining whether a convicted defendant's claim of ineffective assistance of counsel warrants reversal of the conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, "the defendant must show that counsel's performance was deficient." Id.  Second, "the defendant must show that the deficient performance prejudiced the defense." Id.  These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must show that counsel was objectively unreasonable. Strickland, 466 U.S. at 688.  In other words, the defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." Id. at 687.  However, a reviewing

4

court does not "grade" the counsel's performance and a strong presumption exists that the "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Principally, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002).

To satisfy the "prejudice" prong, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and *vice versa*. See Fields, 956 F.2d at 1297.

First, Petitioner asserts that trial counsel was per se ineffective when counsel conceded to the trial judge's refusal to give an instruction regarding venue. The issue of venue was raised on Petitioner's appeal. The Appellate Court found that "[t]he Government…introduced evidence of overt (conspiracy) acts within the Northern District of West Virginia." United States v. McGee, 602 Fed.Appx. 90, 93 (4th Cir. 2015). Thus, the Court ruled, even if Petitioner never sold drugs within the Northern District of West Virginia, "his co-conspirators met there, which established an overt act in West Virginia in furtherance of the conspiracy." Id. at 93.

Applying the analysis in Strickland, even if trial counsel could have done more to have the judge instruct on the issue of venue, any such error does not arise to the level

of being so serious as to deprive Petitioner of a fair trial. See Strickland, 466 U.S. at 687. Furthermore, due to Petitioner's inability to adequately demonstrate said deprivation of a fair trial, the undersigned need not consider the additional "performance" prong of Strickland. See Fields, 956 F.2d at 1297. Accordingly, the undersigned finds no merit in Petitioner's claim.

Petitioner next claims counsel was ineffective due to a failure to investigate and suppress phone records and certain testimony from Special Agent Barbour. The Government does not dispute that Special Agent Barbour obtained the cell phone records of Petitioner via a Drug Enforcement Administration (DEA) administrative subpoena. ECF No. 152 at 4. Those records and Special Agent Barbour's testimony consisted of showing the numbers Petitioner called; what numbers called Petitioner's number; and the dates, times and length of said calls. Id.

The records and testimony in question were gathered pursuant to 18 U.S.C. § 2703(c)(2), which permits government entities to use administrative subpoenas to obtain the evidence used in Special Agent Barbour's testimony. Additionally, 18 U.S.C. § 2703(c)(3) provides that notice to the subscriber and/or customer is not required. Accordingly, Petitioner cannot meet either the performance or prejudice prong of the Strickland standard and therefore, the undersigned finds no merit in Petitioner's claim.

Finally, Petitioner claims that counsel was ineffective by failing to raise an issue on direct appeal. Petitioner asserts that the trial court admitted a prior drug conviction into evidence when the documents of said conviction were "ambiguous as to conviction." ECF No. 146 at 8.

However, the sentencing order for the previous Ohio drug conviction attached as Exhibit D to Petitioner's Motion, is unambiguous and negates Petitioner's claim. The order reads, "[t]he court finds that the Defendant has been convicted upon his plea of guilty to the following offenses; Count 1: Trafficking in Drugs, To wit: 16.2 grams of Crack Cocaine…" ECF No. 146-5.

Even if Petitioner's counsel could have raised that issue on appeal, such an error would not rise to the level of being so serious as to deprive Petitioner of a fair trial. See Strickland, 466 U.S. at 687. Furthermore, due to Petitioner's inability to adequately demonstrate said deprivation of a fair trial, the undersigned need not consider the additional "performance" prong of Strickland. See Fields, 956 F.2d at 1297. As such, the undersigned finds no merit for Petitioner's claim.

### C. **Analyzing Petitioner's claims that the Career Offender's Guideline Residual Clause is unconstitutionally vague and that the Court violated the rule in Descamps v. United States**.

In Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any offense punishable by more than one year in prison that . . "otherwise involves conduct that presents a serious potential risk of physical injury to another;…." 18 U.S.C. § 924(e)(2)(B)(ii).

After Johnson was decided, many prisoners, including Petitioner, who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines as

career offenders, challenged their sentences by arguing that the residual clause of the career enhancement 4B1.2(a)(2) is unconstitutionally vague.

Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on § 4B1.2 for definitions of key terms. At that time, the following definitions were provided:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

   (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction

> shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2 (emphasis added).

Therefore, the residual clause of §4B1.2(a)(2), contains the same language as the ACCA which was struck down as unconstitutional in Johnson. However, this fact alone does not entitle Petitioner to relief in this case. Although Petitioner's conviction for aggravated robbery may well fall within the residual clause, his PSR reveals that he had two prior convictions for controlled substance offenses which meet the definition of U.S.S.G. § 4B1.2(b). First, on February 10, 2004, Petitioner was convicted for trafficking and possession of crack cocaine and sentenced to a five year mandatory term of imprisonment. ECF No. 110 at 9. At the time of that felony conviction, Petitioner was thirty-one years of age. Id. Second, on October 8, 2009, Petitioner was convicted of trafficking in marijuana and sentenced to three years imprisonment. Id. at 13. At the time of that felony conviction, Petitioner was thirty-seven years of age. Id. at 13. Accordingly, Petitioner's status as a career offender does not hinge on his robbery conviction and a possible reliance on the residual clause. Rather, Petitioner is a career offender without consideration of his conviction for aggravated robbery given his two previous controlled substance felony convictions, which unambiguously qualify him as a career offender under U.S.S.G. § 4B1.1.

Furthermore, after Petitioner filed his §2255 motion, and the United States responded, the United States Supreme Court determined that the Career Offender's Guideline Residual Clause is not unconstitutional because the Sentencing Guidelines are not amendable to a vagueness challenge. Beckles v. United States, 137 S.Ct. 886 (2017). More specifically, the Court distinguished the language in the ACCA from the

9

advisory Sentencing Guidelines by ruling that the advisory Sentencing Guidelines "do not fix the permissible range of sentences…they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. at 892. Thus, the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Id. at 905. Therefore, any argument advanced by Petitioner regarding his aggravated robbery conviction and his sentence as a career offender is now moot.[2]

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16CV102, ECF No. 1; Criminal Action No. 5:13CR23, ECF No. 146] be **DENIED** and **DISMISSED WITH PREJUDICE**. Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable FREDERICK P. STAMP, JR., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

---

[2] This Court recognizes that Petitioner has advanced an argument regarding his aggravated robbery conviction which relies on the decision in Descamps v. United States, 133 S.Ct. 2276 (2013). In its decision, which deals specifically with the ACCA, the Supreme Court held that to determine whether a past conviction is a "violent felony," courts should use the categorical approach if the state statute is "indivisible." Because Petitioner was not sentenced under the ACCA and in light of the decision in Beckles, no analysis of the Descamps ruling is required in this matter.

10

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 19, 2017

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE